NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SADIEL GONZALEZ, | |
| Petitioner, | Civil Action No. 16-9412 (KSH) |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**HAYDEN, District Judge:**

Petitioner Sadiel Gonzalez, confined at USPC McCreary in Pine Knot, Kentucky, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, challenging a 188-month sentence imposed by this Court after he pled guilty to the crime of possession and distribution of 100 grams or more of heroin, a controlled substance. *United States v. Gonzalez*, No. 09-cr-0709 ("Crim. Dkt."), ECF No. 75 (D.N.J. entered June 1, 2011). His sentence was enhanced by application of the career offender provision in the United States Sentencing Guidelines, based on prior state drug convictions for possession and distribution of controlled substances within 1,000 feet of a school zone and within 500 feet of public housing. Gonzalez contends that under *Mathis v. United States*, 136 S. Ct. 2243 (2016), these prior offenses no longer qualify as predicate convictions and, as such, he should be resentenced.

At this time, the Court must screen for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For reasons stated below, the Court dismisses the motion.

# I. STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, because a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982), *cited in United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). For its part, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). Additionally, "[i]t is the policy of the courts to give a liberal construction to *pro se* habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

# II. DISCUSSION

Gonzalez argues that *Mathis* renders his prior convictions inapplicable under the career offender provision of the sentencing guidelines. The Court disagrees. To begin with, *Mathis* dealt with a statute under the Armed Career Criminal Act ("ACCA"), which mandates courts to impose

enhanced sentences if the statutory provisions are met. By contrast, all provisions of the sentencing guidelines are advisory, and therefore were not binding on this Court when it sentenced Gonzalez. Significantly, the Supreme Court has just held that invalidation of a statutory provision under the ACCA did not render an identically-worded provision in the sentencing guidelines invalid because of the advisory nature of the guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017).

Further, the facts of this case do not implicate *Mathis*. The ACCA defines "violent felony" as including, among other things, enumerate crimes of "burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). The issue in *Mathis* is whether a conviction under a state statute, which defines a similar crime to encompass more conduct than the traditional definitions of these enumerated crimes at common law, can serve as a predicate conviction under the ACCA that would subject defendants to enhanced sentences. 136 S. Ct. at 2250. The defendant in *Mathis* was convicted under an Iowa statute that defined burglary as the unlawful entry into "any building, structure, [or] land, water, or air vehicle," whereas at common law, the crime of burglary requires unlawful entry into a building or other structure *only*. *Id.* at 2249. Critically, the statutory definition of burglary is more encompassing than the common law definition. *Id.* To complicate matters, the jury did not have to specify, nor even agree on, the actual location of the burglary to convict the defendant. *Id.* at 2250. Therefore, the defendant's conviction under the Iowa statute could have been based on an unlawful entry into a vehicle, which would not fit the definition of "burglary" under the ACCA.

The defendant, as it turned out, did commit the burglary of a structure. *Id.* at 2250. The lower courts made factual findings to that effect, and determined that his prior burglary qualified as a prior conviction under the ACCA. *Id.* The Supreme Court reversed, finding that because the required element in the Iowa burglary statute criminalizes more expansive conduct than the same

3

element in the crime of common law burglary, *any* conviction under that Iowa statute cannot serve as a predicate conviction for the purposes of the ACCA. *Id.* at 2257.

But Gonzalez's prior convictions were drug convictions, which were defined differently under the guidelines provision that enhanced his sentence. At the time of Gonzalez's conviction, the guidelines defined a predicate drug offense as "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Guidelines Manual § 4B1.2(b) (U.S. Sentencing Comm'n 2010). Unlike the definition of "violent crimes" in *Mathis*, this provision does not rely on common law— indeed, drug offenses are contemporary crimes that are almost exclusively defined by statutes. Thus, this Court did not have to rely on common law to determine the elements of a predicate offense—the elements were already defined by the guidelines. As long as a state drug offense encompassed those elements, it was a predicate offense. *See Mathis*, 136 S. Ct. at 2248 ("To determine whether a prior conviction [qualifies as a predicate offense], courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements [of the predicate offense], while ignoring the particular facts of the case.").

As *Mathis* states, "we have repeatedly made clear that application of [the] ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant . . . offense." 136 S. Ct. at 2257. Gonzalez's two prior drug offenses were under N.J.S.A. §§ 2C:35-7 and 2C:35-7.1. ECF No. 5-1 at 8. N.J.S.A. § 2C:35-7(a) criminalizes "distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any school property used

4

for school purposes which is owned by or leased to any elementary or secondary school or school board, or within 1,000 feet of such school property or a school bus, or while on any school bus[.]" N.J.S.A. § 2C:35-7.1(a) criminalizes "distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while in, on or within 500 feet of the real property comprising a public housing facility, a public park, or a public building[.]" Both statutes encompass the same elements as those defined by the guidelines: (1) distributing, dispensing, or possessing, (2) with an intent to distribute, (3) a controlled substance. The fact that they include additional elements, within 1000 feet of a school or within 500 feet of public housing, makes the statutory crimes narrower than those defined by the guidelines. Per *Mathis*, a narrower definition in the state statute does not disqualify a conviction under it from counting as a predicate offense. Accordingly, the Court finds that the motion does not state a valid claim under *Mathis*.

The Court also denies a certificate of appealability ("COA"). Pursuant to 28 U.S.C. § 2253(c), "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from" a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### III. CONCLUSION

For the reasons set forth above, the Motion is DISMISSED.

                                                                   _s/Katharine S. Hayden_
                                                                    **Katharine S. Hayden, U.S.D.J.**

Dated: May 25, 2017