NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| SADIEL GONZALEZ, | : : : | |
| Petitioner, | : : | Civil Action No. 16-9412 (KSH) |
| v. | : : : | **OPINION** |
| UNITED STATES OF AMERICA, | : : | |
| Respondent. | : : : | |

**HAYDEN, District Judge:**

Petitioner Sadiel Gonzalez, confined at USPC McCreary in Pine Knot, Kentucky, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, challenging a 188-month sentence imposed by this Court after he pled guilty to the crime of possession and distribution of 100 grams or more of heroin, a controlled substance. *United States v. Gonzalez*, No. 09-cr-0709 ("Crim. Dkt."), ECF No. 75 (D.N.J. entered June 1, 2011). His sentence was enhanced by application of the career offender provision in the United States Sentencing Guidelines, based on prior state drug convictions for possession and distribution of controlled substances within 1,000 feet of a school zone and within 500 feet of public housing. He contends that under *Mathis v. United States*, 136 S. Ct. 2243 (2016), these prior offenses no longer qualify as predicate convictions and, as such, he should be resentenced. The Court dismissed the motion, finding *Mathis* inapplicable to his claim. (*See* Op. 4-5, May 25, 2017, ECF No. 7.) Presently before the Court is his motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e). Because Gonzalez did not file his Rule 59(e) motion within the required 28 days of the Court's dismissal, and the Court has no authority to grant extensions for Rule 59(e) motions, *see*

Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."), the Court instead construes the motion for reconsideration as filed under Rule 60(b). For the reasons stated below, the Court denies the motion for reconsideration.[1]

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from final judgment, order or proceeding" on the grounds of:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Walsh v. Krantz*, 423 F. App'x 177, 179 (3d Cir. 2011) (per curiam) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." *Mendez v. Sullivan*, 488 F.

---

[1] Although Gonzalez has already appealed the Court's dismissal, *see* ECF No. 10, the Court has jurisdiction to entertain the motion for reconsideration if it denies the motion. *See* Fed. R. Civ. P. 62.1(a).

App'x 566, 568 (3d Cir. 2012) (per curiam) (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "Rule 60(b) provides that a motion for relief from judgment or order 'shall be made within a reasonable time,' or if based on mistake, newly discovered evidence, or fraud, 'not more than one year after the judgment, order, or proceeding was entered or taken.'" *United States v. Fiorelli*, 337 F.3d 282, 288 n.3 (3d Cir. 2003).

With respect to some of the individual provisions of Rule 60(b), "[r]ule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). The moving party bears the burden of establishing that changed circumstances exist. *See id.*

Rule 60(b)(6) is a catch-all provision and provides that a party may be relieved from a final judgment or order for "any other reason that justifies relief." However, obtaining relief under Rule 60(b)(6) requires extraordinary and special circumstances. *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (citation omitted). "Such circumstances rarely occur in the habeas context." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

## II. DISCUSSION

In its prior opinion, the Court found *Mathis* inapplicable to Gonzalez's habeas claim, because the specific crimes implicated in *Mathis* were crimes of "burglary, arson, or extortion," whereas Gonzalez's prior state offenses that rendered him a career offender under the Sentencing Guidelines were drug offenses. ECF No. 7 at 3-4. The Court further found that under the categorical approach analysis referenced in *Mathis*, his state crimes satisfied every element

3

required by the Sentencing Guidelines to qualify them as predicate offenses that rendered him a career offender. *Id.* at 5.

In the instant motion, Gonzalez disputes the Court's findings. Citing two cases, *Chang-Cruz v. Att'y Gen. of U.S.*, 659 F. App'x 114 (3d Cir. 2016) and *Singh v. Att'y Gen.*, 839 F.3d 273 (3d Cir. 2016), he contends the Third Circuit has already found that his state crimes in question, as defined under N.J.S.A. §§ 2C:35-7 and 2C:35-7.1, cannot qualify as predicate offenses for the purposes of the career offender provision of the Sentencing Guidelines. However, neither *Chang-Cruz* nor *Singh* applies to his habeas claim.

*Chang-Cruz* did involve at least one of the state crimes Gonzalez was convicted of, namely a violation under N.J.S.A. § 2C:35-7. *See* 659 F. App'x at 115. *Singh* involved drug crimes under two Pennsylvania statutes. *See* 839 F.3d at 279. But what is significant here is that both cases involved the determination of whether the petitioners' prior crimes made them ineligible for certain discretionary relief from deportation. *See Chang-Cruz*, 659 F. App'x at 116; *Singh*, 839 F.3d at 278. Because the categorical approach analysis involves comparing the elements of the state crime to the particular career offender statute/provision in question, *see Mathis*, 136 S. Ct. at 2248, it is highly dependent on the exact language of the statutes involved. The mere fact that *Chang-Cruz* and *Singh* dealt with different sets of statutes than the ones implicated in the instant matter already weakens their applicability to the present case.[2]

The petitioner in *Chang-Cruz*, as stated above, was convicted in New Jersey under N.J.S.A § 2C:35-7, which criminalized "distributing, dispensing or possessing with intent to distribute a

---

[2] To use a layman's analogy, just because a comparison between Ford and Honda may reveal that Honda makes better cars than Ford, it says nothing about whether Toyota makes better cars than General Motors, or whether Honda makes better cars than General Motors, even though all comparisons involve cars—it is the cars themselves, not the methodology involved, that makes all the difference.

4

controlled dangerous substance or controlled substance analog while on any school property used for school purposes which is owned by or leased to any elementary or secondary school or school board, or within 1,000 feet of such school property or a school bus, or while on any school bus[.]" The government argued that under the relevant federal statute, he was ineligible for deportation relief because his state crime was analogous to a federal felony that prohibited, among other things, "distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school." *Chang-Cruz*, 659 F. App'x at 115. The Third Circuit, applying the modified categorical approach,[3] determined that because the New Jersey statute punished either "distributing" or "dispensing," it cannot serve as a predicate offense to deprive the petitioner of deportation relief, when the federal felony only punished "distributing"—in essence, the state crime punished broader conduct than the federal felony. *Id.* at 118-19.

The problem in *Chang-Cruz* does not present itself here. As the Court stated in its opinion, the career offender provision of the Sentencing Guidelines applicable to the instant matter defined a predicate drug offense as "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." ECF

---

[3] The modified categorical approach is used

> when a prior conviction is for violating a so-called 'divisible statute'. That kind of statute sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building or an automobile . . . . [T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.

*Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). It is similar to the categorical approach, in that courts still look to the language of the statutes to compare elements.

No. 7 at 4 (quoting U.S. Sentencing Guidelines Manual § 4B1.2(b) (U.S. Sentencing Comm'n 2010)). As such, the career offender provision did not suffer the same problem as *Chang-Cruz*, because the provision encompassed the same elements as the New Jersey statute, with the New Jersey statute being narrower, not broader, due to an additional element concerning schools. Both the federal and the state statutes punished dispensing, distributing, or possessing with the intent to distribute. ECF No. 7 at 5. Nothing in *Chang-Cruz* or *Singh* suggests that their holdings extend beyond the confines of an immigration proceeding. There was no finding, contrary to what Gonzalez appears to argue, that any state drug crimes cannot serve as predicate offenses for the purposes of the career offender provision. In fact, the Sentencing Guidelines were never referenced in either decision.[4]

Furthermore, even if Gonzalez does indeed raise a meritorious claim, that claim would be time-barred. He asserts that his claim is based on *Mathis*, but as stated above, the central issue in *Mathis* involved the enumerated crimes of burglary, arson, or extortion, and a determination on when the modified categorical approach may be used, both irrelevant for the purposes of the instant § 2255 motion. In reality, Gonzalez essentially asserts that this Court misapplied the categorical approach at sentencing.[5] While *Mathis* contained extensive discussion of the categorical approach, it acknowledged that the approach had been recognized by the Supreme Court long ago, at least as late as *Taylor v. United States*, 495 U.S. 575 (1990). *Mathis*, 136 S. Ct. at 2248. Thus, any

---

[4] Gonzalez also cites to additional cases outside of this circuit. Beyond the fact that those cases are not binding on this Court, they also suffer the same problem as *Chang-Cruz* and *Singh*, in that they, for obvious reasons, did not involve comparisons of the same statutes as the instant matter, and therefore have limited relevance.

[5] The Court need not rely on the modified categorical approach in this matter because a straight categorical approach analysis revealed that the state crimes in question qualified under the career offender provision.

challenge to this Court's application of the approach should have been brought at sentencing, and any habeas claim related to such application, be it ineffective assistance of counsel or otherwise, should have been brought within one year after Gonzalez's conviction and sentence became final.[6] *See* 28 U.S.C. § 2255(f). Neither occurred—instead, he filed an untimely § 2255 motion on December 13, 2016. *See* ECF No. 1 at 13. *Mathis* did not present Gonzalez with a new filing period because the right newly recognized by *Mathis* does not apply to his habeas claim.

However it is approached, Gonzalez's § 2255 motion does not state a cognizable habeas claim. Accordingly, because Gonzalez cannot show that this Court's prior dismissal of his § 2255 motion was in error, his motion for reconsideration is denied.

### III. CONCLUSION

For the reasons set forth above, the motion for reconsideration is DENIED.

                                           _s/Katharine S. Hayden_
                                           **Katharine S. Hayden, U.S.D.J.**

Dated: September 15, 2017

---

[6] Gonzalez's conviction and sentence became final 90 days after the Third Circuit affirmed his conviction and sentence on August 22, 2012, or November 20, 2012. *See* Crim. Dkt., ECF No. 83.